IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00359-PAB-KLM

BONNIE GARCIA, individually and as putative personal representative of the estate of Joshua Garcia,

      Plaintiff,

v.

COLORADO MENTAL HEALTH INSTITUTE AT PUEBLO,
THE STATE OF COLORADO,
JOHN DEQUARDO, individually,
JAMES SEWELL, M.D., individually, and
CORRINE MARTINEZ CASIAS, individually,

      Defendant(s).
_____

## ORDER GRANTING LEAVE TO AMEND
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Leave to File Second Amended Complaint** [Docket No. 28; Filed May 22, 2009] (the "Motion").  Defendant Casias filed a Response in opposition to the Motion on June 9, 2009 [Docket No. 40], and Plaintiff filed a Reply on June 26, 2009 [Docket No. 50; Filed June 26].  The Motion has been fully briefed and is ripe for resolution.  As a preliminary matter, the Court notes that the Motion was filed within the case deadline for amendment of pleadings and is timely [Docket No. 26].  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.  The Court's ruling is explained below.

This is a 42 U.S.C. § 1983 deliberate indifference and wrongful death action filed by the estate and mother of the deceased, Joshua Garcia.  *See First Amended Complaint* [#4]

at 23-32. The circumstances leading to Mr. Garcia's death, and the complicity of Defendants, are contested by the parties. On May 4, 2009, Defendant Casias filed a Motion to Dismiss the claims asserted against her [Docket No. 23].[1] That motion is pending before the District Judge assigned to this matter. Simultaneous with the filing of Plaintiff's response to the Motion to Dismiss [Docket No. 29], Plaintiff filed the present Motion to amend her First Amended Complaint and correct any alleged deficiencies in her claims.

Although all Defendants informed Plaintiff that they oppose the Motion, see *Motion* [#28] at 2, only Defendant Casias filed a Response. The Court notes that the Response does not comply with D.C. Colo. L. Civ. R. 10.1(D) in that it appears to have been prepared in less than 12-point font, making it difficult to read. In any event, the Court considers the merits of Plaintiff's and Defendant Casias' positions.

The Court should grant leave to amend a complaint "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant Casias limits her argument on Plaintiff's Motion to the alleged futility of the proposed amendments. Consistent with her Motion to Dismiss, Defendant Casias contends that Plaintiff's current claims and proposed amendments fail to state § 1983 and wrongful death claims as to her. *Response* [#40] at 2. Specifically, Defendant Casias contends that "Plaintiff cannot recover or receive injunctive relief under § 1983 because

---

[1] The remaining Defendants filed an Answer to Plaintiff's First Amended Complaint [Docket No. 13].

Defendant [Casias] is not a state actor . . . [and] her theory of recovery for wrongful death also fails because the claim against Defendant [Casias] amounts to one for legal malpractice, and non-economic damages are not recoverable for legal malpractice."  *Id.*

Plaintiff counters that she has pled sufficient facts, when considered at the Motion to Dismiss stage, to show that Defendant Casias is a state actor because "[s]he is alleged to have acted under color of State law . . . [and] is alleged to have conspired with and/or willfully participated in joint action with the State-related Defendants."  *Reply* [#50] at 2. Further, Plaintiff also contends that the facts pled in relation to her wrongful death claim – i.e., that Defendant Casias "set into motion the foreseeable chain of events that directly and proximately led to Mr. Garcia's wrongful death . . . [and her] status as an attorney does not somehow insulate her from wrongful death claims" – are sufficient at this stage.  *Id.* at 6.

An amendment is futile only if it would not survive a motion to dismiss.  *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)).  "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true."  *See Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994).  Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving [her] 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in [her] complaint."  *Id.*

Considering the parties' limited briefing on these issues, and resolving any ambiguity in favor of Plaintiff, I find that at this stage of the proceedings it is not clear that Plaintiff's proposed amendments would be futile.  *See Foman*, 371 U.S. at 182 ("If the underlying

3

facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Therefore, the Court will leave the question of whether Plaintiff is entitled to the requested relief to be decided on a fully-briefed dispositive motion, if any, or at trial.[2]

By contrast to the above arguments raised by Defendant Casias, the Court notes that she does not also contend that she would be prejudiced if amendment is granted. Prejudice to the nonmoving party has been found to be the most important factor in considering whether amendment should be permitted. *See* Charles Alan Wright et al., *Federal Practice and Procedure* § 1487, at 613 (2d ed. 1990). While, "[a]s a general rule, the risk of substantial prejudice increases with the passage of time," 6 *id.* § 1488, at 670, the Motion was filed at the beginning stages of the case and well within the pleading amendment deadline of July 15, 2009. Given Defendant Casias' failure to address this issue (or any other Defendant's failure to raise an objection to amendment), and the Court's inability to identify any undue prejudice Defendants would suffer from amendment, I find that justice would be served by amendment.

IT IS FURTHER **ORDERED** that the Court accepts Plaintiff's Second Amended Complaint [Docket No. 28-2] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to the Second Amended Complaint on or before **July 15, 2009**.

Dated:  July 1, 2009

BY THE COURT:

---

[2] The Court expresses no opinion on the merits of any such motion.

                                               <u>s/ Kristen L. Mix</u>
                                               United States Magistrate Judge
                                               Kristen L. Mix